IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3324-F

| | | |
|---|---|---|
| MANDREY D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JIMMY HILBOURN[1], | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon the following motions: (1) Plaintiff's motion to appoint counsel [DE-30]; (2) Defendant's motion for judgment on the pleadings [DE-37]; (3) Defendant's motion to stay [DE-41]; and (4) Plaintiff's motion to amend the complaint [DE-50]. For the following reasons: (1) Plaintiff's motion to appoint counsel is DENIED as moot; (2) Plaintiff's motion to amend is ALLOWED; (3) Defendant's motion for judgment on the pleadings is DENIED without prejudice; and (4) Defendant's motion to stay is DENIED as moot.

## I. Background

On December 22, 2014, Plaintiff, a state inmate who was proceeding pro se at the time, filed this action under 42 U.S.C. § 1983. Compl. [DE-1]. Plaintiff's original claims were dismissed as frivolous on July 24, 2015 [DE-16]. Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit [DE-19]. On February 8, 2016, the Fourth Circuit vacated this court's dismissal of Plaintiff's claims and remanded the case for further proceedings [DE-25]. Specifically, the Fourth Circuit stated:

---

[1] The caption of this case has been amended to reflect the proper spelling of Defendant Hillbourn's name [DE-43].

> [Plaintiff] alleged that he fell from the top bunk of his bed face-first onto the concrete floor and suffered significant and permanent injuries. Captain Hilborn observed Davis lying face-down on the floor and transported him to the medical ward. Davis asserts that Hilborn then denied Davis access to any medical care and transferred him to segregation when Davis demanded treatment, resulting in three days passing before Davis was treated by prison medical staff. The district court did not address this claim, concluding that Davis merely complained about the course of treatment eventually provided by prison officials. Because the court did not address the three-day delay in treatment, we vacate the district court's order and remand for further proceedings.

Davis v. Hilborn, 632 F. App'x 148, 149 (4th Cir. 2016)

The Fourth Circuit issued its mandate on March 1, 2016 [DE-27], and, on March 2, 2016, the court directed the Clerk of Court to continue management of Plaintiff's claims [DE-28]. On March 21, 2016, Plaintiff filed a pro se motion to appoint counsel [DE-30]. Since the filing of that motion, Charles Ali Everage has entered a notice of appearance on behalf of Plaintiff [DE-44].

On July 7, 2016, Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE-37]. In this motion, Defendants argue, *inter alia*, that Plaintiff's complaint should be dismissed because it is "confusing and incomprehensible", and therefore fails to state any viable claim. Def. Mem. [DE-38], p. 2. Defendants also argued that Plaintiff had not exhausted his administrative remedies with regard to his claims against Defendant Hardie. Id. at 7. Contemporaneous with their motion for judgment on the pleadings, Defendants filed a motion to stay discovery pending the resolution of their dispositive motion [DE-41].

On July 27, 2016, the parties filed a joint stipulation of voluntary dismissal of Defendant Hardie, leaving Defendant Hilborn as the sole remaining defendant [DE-47]. Finally, on August 31, 2016, Plaintiff filed a motion to amend his complaint, seeking to replace his disjointed pro se complaint with one drafted by counsel [DE-50]. These matters are now ripe for adjudication.

## II. Discussion

As an initial matter, because counsel has now entered a notice of appearance on behalf of Plaintiff, Plaintiff's motion to appoint counsel [DE-30] is DENIED as moot.

With regard to Plaintiff's motion to amend his complaint, under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); see Foman v. Davis, 371 U.S. 178, 182 (1962). Defendant argues that this motion should be denied because it is futile. The court disagrees. Even when framed in a "confusing and incomprehensible" pro se complaint, the Fourth Circuit reviewed Plaintiff's claims and determined that they merited further proceedings. Plaintiff's proposed amended complaint prepared by counsel simply clarifies claims that this court has already stated survive initial review on remand [DE-28]. Given the liberal standard in favor of amendment, Plaintiff's motion to amend [DE-50] is ALLOWED.

For similar reasons, Defendant's motion for judgment [DE-37] on the pleadings is likewise due to be denied. To the extent Defendant argues Plaintiff's complaint should be dismissed because it is "confusing and incomprehensible", the amended complaint will correct that deficiency. Moreover, as noted above, after Plaintiff's claim was remanded by the Fourth Circuit, the court determined that Plaintiff's remaining claim survived initial review [DE-28]. Thus, even in its

3

"confusing and incomprehensible" pro se form, the complaint stated a claim worthy of further analysis. Accordingly, Defendant's motion for judgment on the pleadings [DE-37] is DENIED without prejudice. The court emphasizes that Defendant may renew his argument that Plaintiff's claim lacks merit in a fully briefed motion for summary judgment. Finally, in this posture, Defendant's motion to stay [DE-41] is DENIED as moot.

### III. Conclusion

For the aforementioned reasons, (1) Plaintiff's motion to appoint counsel [DE-30] is DENIED as moot; (2) Plaintiff's motion to amend [DE-50] is ALLOWED; (3) Defendant's motion for judgment on the pleadings [DE-37] is DENIED without prejudice; and (4) Plaintiff's motion to stay [DE-41] is DENIED as moot. In light of this disposition, this matter is referred to Magistrate Judge Robert B. Jones, Jr. for entry of an amended scheduling order.

SO ORDERED. This the 15 day of March, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4